UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER UBALDI, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CAVALRY PORTFOLIO SERVICES, LLC; CAVALRY SPV I, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, PETER UBALDI, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CAVALRY PORTFOLIO SERVICES, LLC ("CAVALRY"); CAVALRY SPV I, LLC ("SPV"); and JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendants that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Essex County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CAVALRY maintains a location at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595-1340.

8. Upon information and belief, CAVALRY uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CAVALRY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. SPV maintains a location at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595-1340.

11. Upon information and belief, SPV uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another;

12. SPV is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6)

13. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## AGENCY ALLEGATIONS

14. Plaintiff is informed and believes and thereon alleges that all times herein mentioned each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

16. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from CAVALRY and/or SPV, concerning a debt, between June 26, 2019 and June 26, 2020, which included the alleged conduct and practices described herein

- The class definition may be subsequently modified or refined.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
  a. Whether Defendants violated various provisions of the FDCPA;
  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;
  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before April 1, 2014, Plaintiff incurred a financial obligation to CITIBANK, N.A. CITI MASTERCARD ("CITI").

16. The CITI obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The CITI obligation was not arise out of a business purpose.

18. The CITI obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. CITI is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before May 30, 2017 the CITI obligation was sold to SPV.

21. SPV paid less than $13,575.84 for the purchase of the CITI obligation.

22. SPV paid less than $6,000.00 for the purchase of the CITI obligation.

23. SPV paid less than $3,000.00 for the purchase of the CITI obligation.

24. SPV paid less than $1,500.00 for the purchase of the CITI obligation.

25. SPV paid less than $1,000.00 for the purchase of the CITI obligation.

26. At the time the CITI obligation was sold to SPV, the obligation was past due.

27. At the time the CITI obligation was sold to SPV, the obligation was obligation was in default.

28. The the applicable statute-of-limitations on the CITI obligation is six (6) years.

29. On or before September 28, 2018, the applicable statute-of-limitations on the CITI obligation has expired.

30. On or before September 28, 2018, the CITI obligation was beyond the applicable statute-of-limitations.

31. On or before September 27, 2017, SPV referred the CITI obligation to CAVALRY for servicing.

32. On or before September 27, 2017, SPV referred the CITI obligation to CAVALRY for the purpose of collection.

33. CAVALRY caused to be delivered to Plaintiff a letter dated April 2, 2020, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A.**

34. The April 2, 2020 letter was sent to Plaintiff in connection with the collection of the CITI obligation.

35. At the time the April 2, 2020 letter was sent by CAVALRY to Plaintiff, CAVALRY was acting as an agent of SPV.

36. At the time the April 2, 2020 letter was sent by CAVALRY to Plaintiff, CAVALRY was following the instructions of SPV.

37. At the time the April 2, 2020 letter was sent by CAVALRY to Plaintiff, the CITI obligation was in default.

38. At the time the April 2, 2020 letter was sent by CAVALRY to Plaintiff, the CITI obligation was beyond the applicable statute-of-limitations.

39. The April 2, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. Upon receipt, Plaintiff read the April 2, 2020 letter.

41. The first paragraph of the April 2, 2020 letter states in part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we cannot sue you for it, even if you make a payment or promise to make a payment.

42. The April 2, 2020, letter does not inform Plaintiff that certain promises to pay the debt may restart and/or reset the applicable statue-of-limitations.

43. The April 2, 2020, letter does not inform Plaintiff that certain types of promises to pay the debt may restart and/or reset the applicable statue-of-limitations, which may allow CAVALRY and/or SPV to sue Plaintiff to collect the CITI obligation.

44. The April 2, 2020, letter does not inform Plaintiff that a written promise to pay the entire debt may restart and/or reset the applicable statue-of-limitations.

45. The April 2, 2020, letter does not inform Plaintiff that an unconditional written promise to pay the entire debt may restart and/or reset the applicable statue-of-limitations on the CITI obligation.

## POLICIES AND PRACTICES COMPLAINED OF

46. It is Defendants' policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt.

47. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

48. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. The April 2, 2020 letter fails to effectively inform the least sophisticated consumer as to how certain actions may restart and/or re-set the applicable statute-of-limitations.

51. Defendants were under no legal obligation to include the statement: "The law limits how long you can be sued on a debt.  Because of the age of your debt, we cannot sue you for it, even if you make a payment or promise to make a payment", in the April 2, 2020 to Plaintiff.

52. If Defendants choose to include such language in its collection letters then they are obligated do so accurately.

53. If Defendants choose to include such language in its collection letters then they are obligated to include any and all exceptions to such statement(s).

54. N.J.S.A. 2A:14-24 states:

> [i]n actions at law grounded on any simple contract, no acknowledge or promise by words only shall be deemed sufficient of a new or continuing contract, so as to take any case out of the operation of this chapter, or to deprive any person of the benefit thereof, unless such acknowledgement or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby.

55. The acknowledgement must support the implication of a promise to pay the full amount due immediately or on demand… *Burlington County County Club v. Midatlantic Nat'l Bank South, 223, N.J. Super at 235*.

56. The least sophisticated consumer upon reading the April 2, 2020 letter would be lead to believe that regardless of what type of promises he made to pay the CITI obligation, that he could never by sued because of the age of the debt.

57. 15 U.S.C. §1692e(10) prohibits a debt collector from using any false representations or deceptive means to collect or attempt to collect any debt.

58. The least sophisticated consumer upon reading the April 2, 2020 letter would be lead to believe that even if he unconditionally promises in writing to pay the entire CITI obligation, that Defendants could legally never be able to sue him on the debt.

59. Defendants violated 15 U.S.C. §1692e(10) by including the false statement of "The law limits how long you can be sued on a debt.  Because of the age of your debt, we cannot sue you for it, even if you make a payment or promise to make a payment" in its April 2, 2020 letter to Plaintiff.

60. Defendants violated 15 U.S.C. §1692e(10) by including the false statement of "The law limits how long you can be sued on a debt.  Because of the age of your debt, we cannot sue you for it, even if you make a payment or promise to make a payment" in its April 2, 2020 letter to Plaintiff, without also informing Plaintiff of the exceptions to such statements.

61. Plaintiff and others similarly situated, suffered an informational injury as a result of Defendants' violation of 15 U.S.C. §1692e(10).

62. Plaintiff and others similarly situated, suffered a risk of economic injury as a result of Defendants' violation of 15 §1692e(10).

63. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

64. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

66. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

67. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

68. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)   Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: June 26, 2020

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
bwolf@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 26, 2020

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

# Cavalry

PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995
www.cavps.com

April 2, 2020

| | |
|---|---|
| RE: Original Institution: | Citibank, N.A. |
| Original Account No.: | XXXXXXXXXXXX8934 |
| Cavalry Account No.: | 20544164 |
| Current Creditor: | Cavalry SPV I, LLC |
| Amount of Debt Owed: | $13575.84 |

Peter Ubaldi

Cavalry is offering a **70%** discount to you. That's right, you can resolve your account by simply choosing one of the following payment options listed below:

| 1 payment of $4072.75 | 18 monthly payments of $226.26 | 36 monthly payments of $113.13 |
|---|---|---|

This offer expires 05/02/2020.
Please note we are not obligated to renew this offer.

Please feel free to visit our website at www.cavps.com or call us at **(866) 434-2995** to discuss this or other payment options available at Cavalry.

Sincerely,

Cavalry Portfolio Services, LLC

The law limits how long you can be sued on a debt. Because of the age of your debt, we cannot sue you for it, even if you make a payment or promise to make a payment.

---

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR ADDITIONAL IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.**

---

**PAYMENT COUPON**

Please detach and return this portion with the payment to the address below.